**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

September 5, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-1858

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br>     *v.* <br><br> OSCAR MURILLO-GUERRERO, also known as ANTHONY HENRY PEREZ, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 03 CR 557 <br><br> James B. Zagel, <br> *Judge.* |

**O R D E R**

Pursuant to United States v. Paladino, 401 F.3d 471 (7th Cir. 2005), we remanded this case for a determination as to whether the sentence imposed on defendant Murillo-Guerrero would have been the same had the district judge known at the time of sentencing that the sentencing guidelines were advisory. The judge, having reconsidered the matter, informs us that the sentence would have been the same. Guerrero claims that the sentence is unreasonable and the failure to impose a lesser sentence is an abuse of discretion.

Guerrero entered a guilty plea to a charge of attempting to enter the United States after having been convicted of an aggravated felony and then being deported, pursuant to 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to 46 months in prison. He claims that following our remand, the judge gave inadequate

consideration to the factors in 18 U.S.C. § 3553(a) and that mitigating factors present in his case justify a reduced sentence.

It is true that the district judge did not mention § 3553(a) in his order following our remand. However, what he did very clearly and with no nod to legalese was to tell us why the sentence would be the same:

> The answer is yes, I would impose the same sentence. I thought the original sentence was reasonable (even without the binding effect of the guideline) because I thought the defendant's history showed a pattern of conduct heedless of the dictates of law. His illegal conduct is impulsive and he seems not to learn from experience. All three of his prior convictions show this and he returned illegally once before and, instead of being prosecuted, was simply redeported. I believe that specific deterrence required a sentence of the length I imposed. The sentence is not disproportionate to the seriousness of the offense. I know of no other way to instruct this defendant that he cannot enter this country illegally.

Given the clarity of this statement, there is no need to add the statutory reference, which, in any case, is obvious to the parties.

Guerrero also claims that certain facts in his case rebut the presumption of reasonableness that a guidelines sentence enjoys, at least in this circuit. See United States v. Mykytiuk, 415 F.3d 606 (7th Cir. 2005); cf. United States v. Fernandez, 443 F.3d 19 (2nd Cir. 2006). He says he returned to the United States because his wife, who lived in Iowa, had just had a miscarriage. He also argues that his previous conviction that qualified as a crime of violence was not for a serious crime. The conviction was for domestic abuse assault, which he says was a misdemeanor under Iowa law but is a felony under federal law. On the basis that the conviction was for a felony, defendant received a 16-level enhancement, which he says is unreasonable.

We do not agree. The charging documents in the domestic abuse case show that Guerrero inflicted bodily injury on his wife as he tried to stab her with two knives. We cannot say that it is unreasonable to rely on a conviction for such an offense to enhance a sentence. Furthermore, we cannot say that the district judge abused his discretion in failing to cut Guerrero a break because he came here to be

with his wife, who suffered a miscarriage.  As the judge noted, this was not the first time the defendant had illegally entered the country. Furthermore, the guideline range, which was properly calculated, was 46 to 57 months.  Defendant's sentence was at the low end--46 months.  The presumption of reasonableness has not been rebutted.

Accordingly, the sentence of 46 months imposed on Oscar Murillo-Guerrero is AFFIRMED.